IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN THE MATTER OF | : | |
| COMERCIAL APOTECARIA, INC. | : | CASE NO. 04-5413 |
| DEBTOR | : | CHAPTER 7 |

**FILED & ENTERED**

APR 1 8 2006

CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

| | | |
|---|---|---|
| JOSE LABORDE RIVERA | | CASE NO. 04-5414 ✓✓ |
| CARMEN RIVERA MORALES | : | |
| | | CHAPTER 11 |
| DEBTORS | : | |

## OPINION AND ORDER

Debtors' former attorney asks us to reconsider our order for full disgorgement of attorney's fees after disqualifying her in the captioned cases, due to her simultaneous representation of both debtors in possession who had adverse interests. We must also determine whether the Accountant is entitled to his fees as he was disqualified for the same reason as the Attorney. For reasons stated below, we partially grant both professionals' requests.

### BACKGROUND

The record here shows the following. Comercial Apotecaria, Inc. ("the Corporation") and its shareholders, José Laborde Rivera and Carmen Rivera Morales, filed separate bankruptcy petitions under Chapter 11 on May 21, 2004.[1] On that same date, both debtors in possession filed an application to appoint

---

[1] Here we are concerned with the professional services rendered by the Attorney and the Accountant, while both debtors were reorganizing under Chapter 11. Thereafter, both cases were converted to Chapter 7 and the shareholder's case was later reconverted to Chapter 11.



attorney Carmen Conde as their counsel.   Six days later, these debtors filed an application to appoint Mr. Abreu as their accountant.

On June 7, 2004, the Corporation disclosed an account receivable of $171,064.80 owed by its shareholders, and listed payments made within one year immediately preceding the bankruptcy filing to insider/shareholder José Laborde.[2]

During the §341 meeting of creditors held on July 1, 2004, the U.S. Trustee and the representative of the P.R. Department of Treasury questioned whether the account receivable and payments mentioned above, were wages or loans.  Mr. Laborde characterized these as "advanced wages" although he repaid some of the advances to the Corporation.  Counsel for both Debtors indicates she was aware of a possible conflict and intended to resolve the matter by obtaining a ruling from the Department of Treasury and the court appointed accountant.[3]  Counsel then proceeded to disclose the possible conflict to the court by supplementing her application on July 8, 2004.

During the oral argument in favor of reconsideration, Ms. Conde stated she identified the possible conflict when the



---

[2] See the Corporation's Schedule B and its Statement of Financial Affairs.  Under new legal representation, the Corporation amended Schedule B to eliminate the account receivable.  Two creditors objected to the amendment.  Later, the Corporate-Debtor filed for conversion to Chapter 7, withdrew the amendment to Schedule B, and filed a proof of claim in the shareholders' case for the account receivable.

[3]  See docket entry 176 filed by the Chapter 7 Trustee in the corporate case, including a partial transcript of this meeting.

2

schedules were drafted.[4]  We have evidence the Accountant was

aware of the possible conflict due to the October 25, 2004 letter

addressed to Ms. Conde and attached as exhibit 2 to docket entry

44 in the corporate case, and docket entry 41 in the

shareholders' case.

**DISCUSSION**

A debtor in possession may employ attorneys or accountants

"that do not represent an interest adverse to the estate and that

are disinterested".  11 U.S.C. § 327(a).

> Although the bankruptcy court has an affirmative duty
> to exercise vigilance in avoiding impermissible
> conflicts of interest on the part of court appointed
> professionals, [cit. omitted] normally the professional,
> especially counsel, possess ready access to, if not
> full awareness of, the facts material to any existing
> or potential competing interest.
> . . .
>
> Thus, as soon as counsel acquires constructive
> knowledge reasonably suggesting an actual or potential
> conflict [cit. omitted] a bankruptcy court ruling
> should be obtained. [cit. omitted]
> . . .
>
>  Absent the spontaneous, timely and complete disclosure
> required by section 327(a) and Fed. R. Bankr. P.
> 2014(a), court appointed counsel proceed at their own
> risk. [cit. omitted]

*Rome v. Braunstein*, 19 F. 3d 54, 58-59 (1st Cir. 1994).

Under section 328(c) of the Bankruptcy Code "the court may

deny allowance of compensation for services and reimbursement of

expenses of a professional person employed under section 327 or

1103 of this title if, at any time during such professional

person's employment ... such professional person is not a



---

[4]  See page 8 of docket entry 88 in the corporate case.

disinterested person, or represents or holds an interest adverse
to the interest of the estate with respect to the matter on which
such professional person is employed." 11 U.S.C. §328(c). An
attorney's failure to make a full and spontaneous disclosure of a
potential conflict may also serve as sufficient grounds for
discretionary compensation under section 328(c). *Rome v.
Braunstein*, 19 F. 3d at 59. The Court in its discretion may
impose the sanction it deems appropriate in light of the
circumstances, ranging from a reduction of compensation to
complete denial of all attorney's fees and expenses. *Butler v.
Indiano (In re Ponce Marine Farms, Inc.)*, 259 B.R. 484 (Dist.
P.R. 2001). "[C]ourts may grant attorney's fees even if a
conflict of interest is demonstrated, as long as such an award is
sensible in light of the circumstances." *Casco v. DN Associates
(In re DN Associates)*, 3 F.3d 512 (1st Cir. 1993).

The record shows Counsel became aware of the potential
conflict when drafting schedules that were filed on June 7th ,
about two weeks after the petitions were filed. She made the
disclosure to the court by supplementing her application one
month after obtaining this knowledge, and did not seek a court
ruling. Hence, Counsel did not make an immediate and full
disclosure of the potential conflict, or seek a court ruling in
this regard. On the other hand, she performed valuable services
to these debtors in possession, free from any potential conflict
up until schedules were filed. Hence, we amend our disgorgement
order *nunc pro tunc*, providing that Counsel disgorge all fees in

4

both cases from the date the schedules were filed or June 7th onward. Accordingly, we approve $5,792.50 of fees for services performed before June 7, 2004, in the case of Commercial Apotecaria, Inc., and $5,702.50 in the case José Laborde Rivera and Carmen Rivera Morales. Retainers shall be applied to the fees approved as per this order.

The record shows the Accountant did not disclose he was performing simultaneous professional services for both debtors in possession, and he did not supplement his application disclosing the possible conflict of interest when he became aware of it on October 25, 2004. While he relied on information submitted by Mr. Laborde when characterizing the account receivable as intended supplementation of Mr. Laborde's wages, there is evidence he still had some doubts, otherwise he would not have suggested debtors in possession obtain a ruling from the P.R. Department of Treasury. Under these circumstances, we find the Accountant provided dual, simultaneous services to both debtors in possession beyond October 25 at his own risk and fees accrued beyond this date are disallowed and/or to be disgorged. This means, we approve $6,371.00 of fees for the Accountant in the corporate case, and $3,183.00 of fees for the Accountant in the shareholders' case. Retainers are to be applied to the approved fees.

SO ORDERED, in San Juan, Puerto Rico, on April 17, 2006.

SARA DE JESUS
U.S. Bankruptcy Judge

5